**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Nicholas P. Melito
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

**PECHMAN LAW GROUP PLLC**
Louis Pechman
Gianfranco J. Cuadra
488 Madison Avenue, 17th Floor
New York, New York 10022
Telephone: (212) 583-9500

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ENMANUEL FERNANDEZ DE JESUS and HENRY DE JESUS DEL CARMEN, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**INCINIA CONTRACTING INC., INCINIA CORPORATION, ZORAN ZORIC, and DUSAN ZORIC a/k/a "SEAN ZORIC,"**<br><br>**Defendants.** | **No. 17 Civ. 5733**<br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiffs Enmanuel Fernandez De Jesus and Henry De Jesus Del Carmen (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime wages and other damages for Plaintiffs and their similarly situated co-workers—asbestos handlers, supervisors, and other similarly situated hourly employees (collectively, "Hourly Employees")—who are or have been employed by Incinia Contracting in New York or New Jersey.

2.      Incinia Contracting Inc., Incinia Corporation, Zoran Zoric, and Dusan Zoric a/k/a "Sean Zoric" (collectively, "Defendants") own and operate Incinia Contracting, "a full service

environmental company" with "over a decade" of "servicing both the public and private sectors in a vast array of environmental services." *See* http://www.incinia.com/about-us.

3.      Throughout their employment, Defendants compensated Plaintiffs and Hourly Employees at their regular hourly wage rates for all hours worked, including hours over forty per workweek (*i.e.*, "straight time"). As such, Defendants failed to compensate Plaintiffs and Hourly Employees with statutory overtime premiums (*i.e.*, time and one-half their regular hourly wage rates) for each hour worked beyond forty per workweek.

4.      Plaintiffs bring this action on behalf of themselves and all similarly situated current and former Hourly Employees who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

5.      Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former Hourly Employees in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and its supporting New York State Department of Labor Regulations.

## THE PARTIES

**Plaintiffs**

**Enmanuel Fernandez De Jesus**

6.      Enmanuel Fernandez De Jesus ("Fernandez") is an adult individual who is a resident of the Bronx, New York.

7.      Fernandez was employed by Defendants as an asbestos handler—an Hourly Employee—from approximately June 2015 to November 22, 2016.

8.      Throughout his employment, Fernandez primarily worked at jobsites in New York City.

9.      Fernandez is a covered employee within the meaning of the FLSA and the NYLL.

10.     A written consent form for Fernandez is being filed with this Complaint.

**Henry De Jesus Del Carmen**

11.     Henry De Jesus Del Carmen ("Del Carmen") is an adult individual who is a resident of the Bronx, New York.

12.     Del Carmen was employed by Defendants as an asbestos handler and a foreman—an Hourly Employee—from in or around June 2013 to in or around December 2016.

13.     Throughout his employment, Del Carmen primarily worked at jobsites in New York City.

14.     Del Carmen is a covered employee within the meaning of the FLSA and the NYLL.

15.     A written consent form for Fernandez is being filed with this Complaint.

**Defendants**

16.    Defendants have employed and/or jointly employed Plaintiffs and Hourly Employees within the six years preceding the filing of this Complaint (the "relevant period").

17.    Each Defendant has had substantial control over Plaintiffs' and Hourly Employees' working conditions, and over the unlawful policies and practices alleged herein.

**Incinia Contracting Inc.**

18.    Together with other Defendants, Defendant Incinia Contracting Inc. has owned and/or operated Incinia Contracting during the relevant period.

19.    Incinia Contracting Inc. is a foreign business corporation organized and existing under the laws of New Jersey.

20.    Incinia Contracting Inc. is the corporate entity that has appeared on Plaintiffs' paystubs.

21.    Incinia Contracting Inc. is a covered employer within the meaning of the FLSA and the NYLL, and, within the six years preceding the filing of this Complaint, has employed Plaintiffs and Hourly Employees.

22.    Within the six years preceding the filing of this Complaint, Incinia Contracting Inc. has maintained control, oversight, and direction over Plaintiffs and Hourly Employees, including timekeeping, payroll, and other employment practices that applied to them.

23.    Incinia Contracting Inc. has applied the same employment policies, practices, and procedures to all Plaintiffs and Hourly Employees, including policies, practices, and procedures with respect to the payment of overtime wages.

24.    Throughout the three years preceding the filing of this Complaint, Incinia Contracting Inc.'s annual gross volume of sales made or business done exceeded $500,000.00.

**Incinia Corporation**

25.    Together with other Defendants, Defendant Incinia Corporation ("Incinia Corp.") has owned and/or operated Incinia Contracting during the six years preceding the filing of this Complaint.

26.    Incinia Corp. is a foreign business corporation organized and existing under the laws of New Jersey.

27.    Incinia Corp. is listed as the "registrant organization" for the Incinia Contracting's website, http://www.incinia.com.

28.    Incinia Corp. is a covered employer within the meaning of the FLSA and the NYLL, and, throughout the six years preceding the filing of this Complaint, has employed Plaintiffs and Hourly Employees.

29.    Throughout the six years preceding the filing of this Complaint, Incinia Corp. has maintained control, oversight, and direction over Plaintiffs and Hourly Employees, including timekeeping, payroll, and other employment practices that applied to them.

30.    Incinia Corp. has applied the same employment policies, practices, and procedures to all Plaintiffs and Hourly Employees, including policies, practices, and procedures with respect to the payment of overtime wages.

31.    Throughout the three years preceding the filing of this Complaint, Incinia Corp.'s annual gross volume of sales made or business done was not less than $500,000.00.

**Zoran Zoric**

32.    Together with other Defendants, Defendant Zoran Zoric ("Zoran") has owned and/or operated Incinia Contracting within the six years preceding the filing of this Complaint.

33.    Upon information and belief, Zoran is a resident of the State of New Jersey.

34.     Within the six years preceding the filing of this Complaint, Zoran has been an owner and operator of Incinia Contracting.

35.     Throughout this period, Zoran has had and exercised power over personnel decisions at Incinia Contracting, including the hiring and firing of employees, the setting of their wages, and otherwise controlling the terms and conditions of their employment.

36.     Throughout this period, Zoran has had and exercised power over payroll decisions at Incinia Contracting, including the retention of time and/or wage records.

37.     For example, Zoran informed Fernandez about his hourly wage rate increase from $30 to $32 per hour.

38.     Within the six years preceding the filing of this Complaint, Zoran has been actively involved in managing the day-to-day operations of Incinia Contracting.

39.     For example, Zoran told Fernandez what worksites to report to.

40.     Throughout this period, Zoran has had the power to stop any illegal pay practices that harmed Plaintiffs and Hourly Employees.

41.     Throughout this period, Zoran has had the power to transfer the assets and/or liabilities of Incinia Contracting.

42.     Throughout this period, Zoran has had the power to declare bankruptcy on behalf of Incinia Contracting.

43.     Throughout this period, Zoran has had the power to enter into contracts on behalf of Incinia Contracting.

44.     Throughout this period, Zoran has had the power to close, shut down, and/or sell Incinia Contracting.

45. Zoran is a covered employer within the meaning of the FLSA and the NYLL, and throughout the six years preceding the filing of this Complaint, has employed and/or jointly employed Plaintiff and Hourly Employees.

**Dusan Zoric a/k/a "Sean Zoric"**

46. Together with other Defendants, Defendant Dusan Zoric a/k/a "Sean Zoric" ("Sean") has owned and/or operated Incinia Contracting within the six years preceding the filing of this Complaint.

47. Upon information and belief, Sean is a resident of the State of New Jersey.

48. Within the six years preceding the filing of this Complaint, Sean has been an owner and operator of Incinia Contracting.

49. Sean identifies himself as the "PRESIDENT AT INCINIA CONTRACTING, INC." on his personal LinkedIn page.[1]

50. Sean is identified as the "REGISTRANT'S NAME" for the company's website, http://www.incinia.com.

51. Within the six years preceding the filing of this Complaint, Sean has had and exercised power over personnel decisions at Incinia Contracting, including the hiring and firing of employees, the setting of their wages, and otherwise controlling the terms and conditions of their employment.

52. Throughout this period, Sean has had and exercised power over payroll decisions at Incinia Contracting, including the retention of time and/or wage records.

53. Throughout this period, Sean has been actively involved in managing the day-to-day operations of Incinia Contracting.

---

[1] https://www.linkedin.com/in/sean-zoric-608aa054 (last date visited July 28, 2017).

54.    Throughout this period, Sean has had the power to stop any illegal pay practices that harmed Plaintiffs and Hourly Employees.

55.    Throughout this period, Sean has had the power to transfer the assets and/or liabilities of Incinia Contracting.

56.    Throughout this period, Sean has had the power to declare bankruptcy on behalf of Incinia Contracting.

57.    Throughout this period, Sean has had the power to enter into contracts on behalf of Incinia Contracting.

58.    Throughout this period, Sean has had the power to close, shut down, and/or sell Incinia Contracting.

59.    Sean is a covered employer within the meaning of the FLSA and the NYLL, and throughout the six years preceding the filing of this Complaint, has employed and/or jointly employed Plaintiff and Hourly Employees.

## JURISDICTION AND VENUE

60.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

61.    This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

62.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

63.     Plaintiffs bring the First Cause of Action, an FLSA claim, on behalf of themselves and all similarly situated persons who work or have worked as Hourly Employees at Incinia Contracting and who elect to opt-in to this action (the "FLSA Collective").

64.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective.

65.     Consistent with Defendants' policy and pattern or practice, Plaintiffs and the FLSA Collective were not paid premium overtime compensation for all hours worked beyond forty per workweek.

66.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

67.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiffs and the FLSA Collective, premium overtime wages for all hours worked in excess of forty hours per workweek.

68.     Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the FLSA Collective overtime premiums for all hours worked in excess of forty per workweek.

69.     There are over one hundred similarly situated current and former Hourly Employees who have been denied overtime pay in violation of the FLSA who would benefit from

the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice

should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

70.    Plaintiffs bring the Second, Third, and Fourth Causes of Action, NYLL claims,

under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of

persons consisting of:

> All persons who work or have worked as Hourly Employees at Incinia
> Contracting in New York between July 28, 2011 and the date of final
> judgment in this matter (the "Rule 23 Class").

71.    The Rule 23 Class members are so numerous that joinder of all members is

impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

72.    There are more than one hundred Rule 23 Class members.

73.    Plaintiffs' claims are typical of those claims that could be alleged by any Rule 23

Class member, and the relief sought is typical of the relief which would be sought by each Rule

23 Class member in separate actions.

74.    Plaintiffs and the Rule 23 Class have all been injured in that they have been

uncompensated or under-compensated due to Defendants' common policies, practices, and

patterns of conduct.  Defendants' corporate-wide policies and practices affected all Rule 23 Class

members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts

as to each of the Rule 23 Class.

75.    Plaintiffs are able to fairly and adequately protect the interests of the Rule 23 Class

and have no interests antagonistic to the Rule 23 Class.

76.     Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented many plaintiffs and classes in wage and hour cases.

77.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.  The prosecution of separate actions by individual Rule 23 Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Rule 23 Class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

78.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiffs and the Rule 23 Class members individually and include, but are not limited to, the following:

(a)  whether Defendants correctly compensated Plaintiffs and the Rule 23 Class for hours worked in excess of forty per workweek;

(b)  whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with proper annual wage notices, as required by the NYLL;

(c)  whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with accurate wage statements, as required by the NYLL;

(d)  whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(e)  the nature and extent of class-wide injury and the measure of damages for those injuries.

## PLAINTIFFS' FACTUAL ALLEGATIONS

79.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs, individually, as follows:

**Enmanuel Fernandez De Jesus**

80.     Defendants did not pay Fernandez one and one-half times his regular hourly wage rate for hours worked in excess of forty per workweek.  Rather, throughout his employment, Defendants paid Fernandez at a straight time rate ranging from $30.00 to $32.00 for all hours worked, including hours over forty per workweek.

81.     Throughout his employment, unless he missed time for vacation, sick days, and/or holidays, Fernandez regularly worked six days per week, between eight and fourteen hours per day (averaging approximately 48 to 80 hours per workweek).

82.     Defendants had a policy and/or practice of providing Fernandez with two separate paychecks for the same pay period on workweeks when he worked more than forty hours, with

each paycheck reflecting less than forty hours worked.  Samples of Fernandez's paychecks are annexed as **Exhibit ("Ex.") A**.

83.    For example, Defendants furnished Fernandez with two paychecks for the same workweeks, each reflecting less than forty hours worked, on the following workweeks:

> (a)  September 27, 2015 to August 2, 2015
>> i.  one paycheck for 39 hours at the rate of $30 per hour;
>> ii.  a second paycheck for 12 hours at the rate of $30 per hour;
>
> (b)  August 3, 2015 to August 9, 2015
>> i.  one paycheck for 38 hours at the rate of $30 per hour;
>> ii.  a second paycheck for 10.5 hours at the rate of $30 per hour.
>
> (c)  August 10, 2015 to August 16, 2015
>> i.  one paycheck for 38 hours at the rate of $30 per hour;
>> ii.  a second paycheck for 6 hours at the rate of $30 per hour.
>
> (d)  March 14, 2016 to March 20, 2016
>> i.  one paycheck for 39 hours at a rate of $32 per hour; and
>> ii.  a second paycheck for 17 hours at the rate of $32 per hour.

84.    Fernandez worked more than forty hours on each of those workweeks, but was paid at his straight time wage rate for all hours worked, including those over forty per workweek.

85.    For example, for the workweek of March 14 to March 20, 2016, Fernandez received one paycheck compensating him for "39.00" hours at a rate of "$32.0000," for a total of "$1,248.00," and a second wage statement compensating him for "17.00" hours at an hourly rate of "$32.0000," for a total of "$544.00."  Fernandez's total wages received on this workweek were $1,792.00.  *See* **Ex. A**.  However, for this workweek, Fernandez should have been compensated a total of $2,048.00.

86.    On some workweeks throughout his employment, Fernandez received paychecks reflecting more than forty hours and the same "straight time" rate of pay for all hours worked in the workweek.

87.     For example, for the workweek of March 21 to March 27, 2016, Fernandez received a paycheck reflecting "42.00" hours worked at a rate of "$32.0000" for total compensation of "$1,344.00."  Some of Fernandez's paychecks reflecting more than forty hours worked in one workweek are enclosed as **Ex. B**.

88.     Defendants failed to furnish Fernandez with a wage notice within ten business days of his hiring, as required by Section 195 of the NYLL.

89.     Defendants failed to furnish Fernandez with an accurate wage statements with every payment of wages, as required by Section 195 of the NYLL.

**Henry De Jesus Del Carmen**

90.     Defendants did not pay Del Carmen one and one-half times his regular hourly wage rate for hours worked in excess of forty per workweek.  Rather, throughout his employment, Defendants paid Fernandez at a straight time rate ranging from $30.00 to $32.00 for all hours worked, including hours over forty per workweek.

91.     Throughout his employment, unless he missed time for vacation, sick days, and/or holidays, Del Carmen regularly worked six days per week, from approximately 7:00 a.m. to 3:30 p.m. each day, for an average of approximately 48 hours per workweek.

92.     Defendants had a policy and/or practice of providing Del Carmen with two separate paychecks for the same pay period on workweeks when he worked more than forty hours, with each paycheck reflecting less than forty hours worked.  Samples of Del Carmen's paychecks are annexed as **Ex. C**.

93.     For example, Defendants furnished Del Carmen with two paychecks for the same workweeks, each reflecting less than forty hours worked, on the following workweeks:

(a) September 14, 2015 to September 20, 2015
    i.   one paycheck for 38 hours at the rate of $30 per hour;

   ii. a second paycheck for 10 hours at the rate of $30 per hour;

 (b) July 27, 2015 to August 2, 2015
   i. one paycheck for 39 hours at the rate of $30 per hour;
   ii. a paycheck statement for 9 hours at the rate of $30 per hour.

 (c) February 8, 2016 to February 14, 2016
   i. one paycheck for 39 hours at the rate of $32 per hour;
   ii. a second paycheck for 9 hours at the rate of $32 per hour.

 (d) March 14, 2016 to March 20, 2016
   i. one paycheck for 39 hours at a rate of $32 per hour; and
   ii. a second paycheck for 8 hours at the rate of $32 per hour.

94. Del Carmen worked more than forty hours on each of those workweeks, but was paid at his straight time wage rate for all hours worked, including those over forty per workweek.

95. For example, for the workweek of March 14 to March 20, 2016, Del Carmen received one paycheck compensating him for "39.00" hours at a rate of "$32.0000," for a total of "$1,248.00," and a second paycheck compensating him for "8.00" hours at an hourly rate of "$32.0000," for a total of "$256.00." Del Carmen's total wages received on this workweek were $1,504.00. *See* **Ex. C**. However, for this workweek, Del Carmen should have been compensated a total of $1,616.00.

96. On some workweeks throughout his employment, Del Carmen received paychecks reflecting more than forty hours and the same "straight time" rate of pay for all hours worked in the workweek.

97. For example, for the workweek of September 28, 2015 to October 4, 2015, Del Carmen received a paycheck reflecting "42.00" hours worked at a rate of "$30.0000" for total compensation of "$1,260.00." Some of Del Carmen's paycheck reflecting more than forty hours worked in one workweek are enclosed as **Ex. D**.

98.     Defendants failed to furnish Del Carmen with a wage notice within ten business days of his hiring, as required by Section 195 of the NYLL.

99.     Defendants failed to furnish Del Carmen with an accurate wage statements with every payment of wages, as required by Section 195 of the NYLL.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

100.    Plaintiffs repeat and incorporate by reference all allegations in the preceding paragraphs.

101.    At all times relevant, Plaintiffs and the FLSA Collective have been employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 201 *et seq.*, and/or they have been engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 201 *et seq.*

102.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 201 *et seq.*, and its supporting federal regulations, apply to Defendants and protect Plaintiffs and the FLSA Collective.

103.    Defendants failed to pay Plaintiffs and the FLSA Collective the premium overtime wages to which they are entitled under the FLSA for all hours worked beyond forty per workweek.

104.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.  As such, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 201 *et seq.*

105.    As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

106.    Plaintiffs repeat and incorporate by reference all allegations in the preceding paragraphs.

107.    Throughout the relevant period, Plaintiffs and the Rule 23 Class have been employees of Defendants, and Defendants have been an employer of Plaintiffs and the Rule 23 Class, within the meaning of Article 19 of the NYLL, section 650 *et seq.*, and its supporting New York State Department of Labor Regulations.

108.    Throughout the relevant period, Plaintiffs and the Rule 23 Class have been covered employees under the NYLL.

109.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiffs and the Rule 23 Class.

110.    Defendants have failed to pay Plaintiffs and the Rule 23 Class the appropriate overtime premiums—at time and one-half their regular hourly wage rates—for all hours worked in excess of forty hours per workweek, as required by the NYLL and its supporting New York State Department of Labor Regulations.

111.    Through their knowing or intentional failure to pay Plaintiffs and the Rule 23 Class the appropriate overtime wages to which they were entitled for hours worked in excess of forty

hours per workweek, Defendants willfully violated the NYLL, Article 19, § 650 *et seq.*, and its supporting New York State Department of Labor Regulations.

112.    Due to Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Annual Wage Notices
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

113.    Plaintiffs repeat and incorporate by reference all allegations in the preceding paragraphs.

114.    Defendants have failed to supply Plaintiffs and the Rule 23 Class with proper annual wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

115.    Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiffs and the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed

to provide them with wage notices, up to five thousand dollars per individual, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-b).

### FOURTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

116.    Plaintiffs repeat and incorporate by reference all allegations in the preceding paragraphs.

117.    Defendants failed to supply Plaintiffs and the Rule 23 Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

118.    Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiffs and the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, up to five thousand dollars per individual, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-d).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all Hourly Employees who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including

- 19 -

the date of this Court's issuance of court-supervised notice, worked at Incinia Contracting.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.     Unpaid overtime compensation and an additional and equal amount as liquidated damages pursuant to the FLSA and its supporting United States Department of Labor Regulations;

C.     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.     Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

E.     Unpaid overtime wages and liquidated damages permitted by law pursuant to the NYLL and its supporting New York State Department of Labor Regulations;

F.     Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Rule 23 Class with proper annual wage notices, up to a total of five thousand dollars per individual in this action, as provided for by NYLL, Article 6 § 198;

G.     Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Rule 23 Class with accurate wage statements, up to a total of five thousand dollars per individual in this action, as provided for by NYLL, Article 6 § 198;

H.     Pre- and post-judgment interest;

I.     Reasonable attorneys' fees and costs of the action; and

[CONTINUED ON NEXT PAGE]

- 20 -

J.      Such other relief as this Court shall deem just and proper.


Dated: New York, New York
        July 28, 2017


                                Respectfully submitted,



                                  /s/ Joseph A. Fitapelli
                                Joseph A. Fitapelli

                                **FITAPELLI & SCHAFFER, LLP**
                                Joseph A. Fitapelli
                                Nicholas P. Melito
                                28 Liberty Street, 30th Floor
                                New York, New York 10005
                                Telephone: (212) 300-0375

                                **PECHMAN LAW GROUP PLLC**
                                Louis Pechman
                                Gianfranco J. Cuadra
                                488 Madison Avenue, Ste. 1120
                                New York, New York 10022
                                Telephone: (212) 583-9500

                                *Attorneys for Plaintiffs, the Putative FLSA*
                                *Collective, and the Putative Rule 23 Class*