USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6-22-2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Fernandez De Jesus, Henry De Jesus Del Carmen, Marlon Garcia, and Jhony Cantos Miranda,

                        Plaintiffs,

     -against-

Incinia Contracting, Inc., Incinia Corporation, Zoran Zoric, and Dusan Zoric,

                        Defendants.

17-CV-5733 (KHP)

ORDER APPROVING COLLECTIVE SETTLEMENT

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

     The above-entitled matter is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c). The parties have reached a settlement to resolve the action and placed the settlement agreement before this Court for approval. It is hereby ORDERED that:

1. Based upon the Court's review of Plaintiffs' Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Approval of Collective Action Settlement ("Motion for Approval"), the Declarations of Joseph A. Fitapelli ("Fitapelli Declaration") and Louis Pechman ("Pechman Declaration"), and all other papers submitted in connection with the Motion for Approval, the Court approves the Parties' Settlement Agreement and Release ("Settlement Agreement"), attached as Exhibit A to the Fitapelli Declaration, and "so orders" all of its terms, which are incorporated herein.

2. The Court hereby certifies the case as a collective action for settlement purposes only. The collective consists of current and former Hourly Employees (as defined in the Settlement Agreement) employed by Defendants at Incinia Contracting Inc. and the

Incinia Corporation in New York from July 27, 2011 through March 28, 2018 (the "Settlement Collective").

3. Having considered the standards for approval of a collective settlement, the Court finds that the Settlement Agreement is fair and reasonable, is the product of arm's-length negotiations after contested litigation, and resolves bona fide disputes under the federal and New York state wage and hour laws. *See Willix v. Healthfirst, Inc.*, No. 07-cv-1143 (ENV) (RER), 2011 WL 754862, at *5 (E.D.N.Y. Feb. 18, 2011); *Kucker v. Petco Animal Supplies Stores, Inc.*, No. 14-cv-9983 (DCF), ECF Doc. No. 156 (S.D.N.Y. Apr. 11, 2017); *Blum v. Merrill Lynch & Co., Inc.*, No. 15-cv-1636 (GBD) (JCF), ECF Doc. No. 142 (S.D.N.Y. May 6, 2016).

4. The Court has carefully reviewed and now approves the Settlement Agreement, including insofar as it contains a release of claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* and finds that the terms of the release are appropriate and consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Those members of the Settlement Collective who participate will release Defendants from all wage and hour claims under the FLSA and the NYLL, excluding retaliation, and for statutory claims for failure to provide annual wage notices and accurate wage statements under NYLL § 195 from July 27, 2011 through March 28, 2018.

5. The Court approves the Notice of Collective Action Settlement and Claim Form and Consent to Join Settlement Form attached as Exhibit B to the Fitapelli Declaration, as well as the proposed plan for distribution of settlement monies to members of the Settlement Collective who opt-in to the settlement.  The Court also approves the

settlement procedure set forth in the Settlement Agreement.

6. The Court finds that Service Payments to Named Plaintiffs Enmanuel Fernandez De Jesus and Henry De Jesus Del Carmen in the amount of $5,000, and to Opt-In Plaintiffs Marlon Garcia and Jhony Cantos Miranda in the amount of $2,000 are reasonable compensation for their service to the collective and the risks they took. *See Velez v. Majik Cleaning Serv., Inc.*, No. 03-cv-8698 (SAS) (KNF), 2007 WL 7232783 (S.D.N.Y. June 25, 2007); *Karic v. Major Auto. Companies, Inc.,* No. 09-cv-5708 (CLP), 2016 WL 1745037 (E.D.N.Y. Apr. 27, 2016). These amounts shall be paid from the Gross Settlement Fund.

7. The attorneys' fees and costs proposed are reasonable. The Court has carefully reviewed all submissions and finds that all the factors set forth in *Goldberger v. Integrated Res., Inc.,* 209 F.3d 43, 50 (2d Cir. 2000) have been met. The attorneys who prosecuted this case are experienced employment lawyers with good reputations among the employment law bar. The fee award they request is justified by the work performed in conducting the litigation, negotiating the settlement, and by the ultimate recovery. It is also justified by the risk Plaintiffs' Counsel undertook in bringing the claims. The Court, therefore, grants Plaintiffs' request for attorneys' fees, and awards Plaintiffs' Counsel $162,666.67 in attorneys' fees, which is one-third of the Gross Settlement Fund, plus $953.43 in costs and expenses reasonably expended litigating and resolving the lawsuit. These amounts shall be paid from the Gross Settlement Fund. *See Karic*, 2016 WL 1745037, at *8 (awarding class counsel one-third of the settlement fund and stating that "[c]ourts in this Circuit have often approved requests for

attorneys' fees amounting to 33.3% of a settlement fund"); *Willix*, 2011 WL 754862, at *5-7 (E.D.N.Y. Feb. 18, 2011) (awarding class counsel one-third of the settlement fund).

8. The Court approves Rust Consulting, Inc. as the Settlement Claims Administrator and finds fees of up to $10,000 to be reasonable. These fees shall be paid from the Gross Settlement Fund.

9. Within 31 days of the entry of this Order, unless there is an appeal, in which case, two days after the final appeal is resolved, the action shall be dismissed with prejudice, and without costs, expenses or attorneys' fees to any party, except as provided in the Settlement Agreement and this Order. The Court will retain jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement, including for overseeing the distribution of settlement funds.

10. The parties shall abide by all terms of the Settlement Agreement.

**SO ORDERED.**

Dated: June 22, 2018
      New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge